IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PAUL RADUZINER, Parent and Next Friend of A.R., <br><br> Plaintiff, <br><br> vs. <br><br> THE CONGREGATION OF CHRISTIAN BROTHERS OF HAWAII, INC., Owners and Operators of DAMIEN MEMORIAL SCHOOL, *et al.*, <br><br> Defendants. | CV NO. 15-00142 DKW-RLP <br><br> **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING STATE-LAW CLAIMS** |

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING STATE-LAW CLAIMS**

**INTRODUCTION**

Raduziner sued The Congregation of Christian Brothers of Hawaii, Inc., Owners and Operators of Damien Memorial High School ("Damien"), in state court after his daughter was sexually assaulted by another student on campus. Damien removed the case and now seeks summary judgment on each of Raduziner's federal and state causes of action. Because Raduziner concedes that Damien is not liable, and he therefore cannot proceed, under Title IX or 42 U.S.C.

§ 1983, Damien's Motion is GRANTED as to Counts I and II.  In addition, because these are the only federal claims supporting this Court's 28 U.S.C. § 1331 jurisdiction, and the Court declines to exercise supplemental jurisdiction over Raduziner's remaining state-law claims, these remaining claims are REMANDED to state court.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

## DISCUSSION

Raduziner alleges that his daughter, A.R., was sexually assaulted by a fellow student on the Damien campus on December 13, 2013.  Raduziner filed a Complaint against Damien on March 13, 2015 in the Circuit Court of the First Circuit, State of Hawaii alleging the following causes of action: (1) violation of Title IX, 20 U.S.C §§ 1981 *et seq.* (Count I); (2) violation of 42 U.S.C. § 1983 (Count II); (3) sexual assault and battery (Count III); (4) negligent supervision of students (Count IV); (5) negligence (Count V); (6) negligent infliction of emotional distress (Count VI); and (7) intentional infliction of emotional distress (Count VII).  Damien removed the case to federal court on April 17, 2015 based

solely on Raduziner's assertion of federal claims in Counts I and II.  *See* Notice of Removal ¶ 5 (asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331).

In his opposition to Damien's Motion, Raduziner concedes Counts I (Title IX), II (Section 1983), and III (Sexual Assault and Battery), but contends that genuine issues of material fact preclude summary judgment on the remaining claims.  As set forth below, the Court grants the unopposed Motion as to Raduziner's Title IX and Section 1983 claims.  Because Counts I and II provide the sole basis for this Court's subject matter jurisdiction, and the Court declines to exercise supplemental jurisdiction over the remaining state-law claims, those claims are REMANDED to state court.

I.      **Summary Judgment Is Granted on Raduziner's Federal Claims**

   A.   **Count I: Title IX**

Damien moves for summary judgment on Raduziner's Title IX claim on the basis that the school does not receive any federal funding.  Title IX provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a); *see also Sherez v. State of Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1145 (D. Haw. 2005) (dismissing claim because Title IX is directed only at institutional recipients of federal funding).

There is no dispute that Damien is a private school sponsored by The Congregation of Christian Brothers of Hawaii, Inc. and does not receive any federal funding. Declaration of Bernard Ho ¶¶ 6-8. Raduziner concedes the issue as well as the claim. Mem. in Opp. at 1, 22. Accordingly, the Motion is GRANTED as to Count I.

B. **Count II: Section 1983**

Count II alleges that Damien deprived A.R. of equal protection under the U.S. Constitution in violation of Section 1983. Complaint ¶ 35. In order to state a claim under Section 1983, Raduziner must establish a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of law. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). Damien contends that, as a private school, it is not a state actor for Section 1983 purposes.[1]

Raduziner concedes the issue as well as the claim, acknowledging that there is "no evidence to show that any of the Damien faculty and administration were

---

[1] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation and quotation signals omitted). To determine whether actions that allegedly caused the deprivation of a right are fairly attributable to the state even though they were committed by private actors, we follow a two-part approach: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* Courts begin with the presumption that conduct by private actors is not state action, and Raduziner bears the burden of establishing otherwise. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011)

4

state actors." Mem. in Opp. at 22. Consequently, the Motion is GRANTED as to Count II.

## II. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims

Because the federal claims are no longer at issue, and because no other basis for original jurisdiction exists, the Court turns to whether to exercise supplemental jurisdiction over Raduziner's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Where, as here, all federal claims are dismissed before trial, the exercise of jurisdiction over the remaining state claims is a matter of the Court's discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Although neither retention nor remand is mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000).

That is precisely the case here. Under the circumstances, neither fairness, nor judicial economy nor convenience to the parties counsel in favor of retaining jurisdiction. This case was originally filed by Raduziner in state court and is still in its infancy. This court has yet to invest the significant time that might counsel in

favor of retaining the state law claims. Moreover, the remaining claims concern alleged state-law violations and "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726. Having carefully considered the relevant factors, the Court declines to exercise supplemental jurisdiction over the remaining state-law causes of action and remands them to state court. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (a district court may properly remand a removed case to state court after declining to exercise supplemental jurisdiction over the state law claims).

## **CONCLUSION**

Based on the foregoing, Defendant's Motion is GRANTED with respect to all federal claims (Counts I and II).

The Court REMANDS the remaining state-law claims to the Circuit Court of the First Circuit, State of Hawaii. The Clerk of Court is directed to send a certified copy of this order to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

Dated: August 5, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Raduziner v. The Congregation of Christian Brothers of Haw., Inc.; CV 15-00142 DKW-RLP; **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING STATE-LAW CLAIMS**